IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

KARON MARKEE PORTER,
Petitioner,

v.  Civil No. 3:20cv527(DJN)

MICHAEL BRECKON,
Respondent.

**MEMORANDUM OPINION**

Petitioner, a Virginia prisoner with counsel, submitted a petition under 28 U.S.C. § 2254 and paid the full filing fee. Rule 2 of the Rules Governing Section 2254 Cases requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5). The current petition does not comply with Rule 2.

The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "[A] next friend does not himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (some internal quotation marks omitted) (quoting *Whitmore v. Arkansas*, 495 U.S. 149,

163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "'next friend must provide an adequate explanation-such as inaccessibility, mental incompetence, or other disability-why the real party in interest cannot appear on his own behalf to prosecute the action,'" and (2) the "next friend" must also establish that he is "'truly dedicated to the best interests of the person on whose behalf he seeks to litigate'" and has "'a significant relationship with the real party in interest.'" *Id.* at 603-04 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 163–64). "'The burden is on the next friend clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.'" *Id.* at 603 (some internal quotation marks omitted) (quoting *Whitmore*, 495 U.S. at 164).

By Memorandum Order entered on July 15, 2020 the Court informed Petitioner that his current submission failed to demonstrate that counsel qualifies as a "next friend" and fails to comply with Rule 2(c)(5). Accordingly, the Court directed Petitioner to submit, within twenty-one (21) days of the date of entry thereof, a petition complying with Rule 2 or argument as to why counsel should qualify as a "next friend." The Court warned Petitioner that the failure to comply with the Memorandum Order would result in the dismissal of the action.

More than twenty-one (21) have elapsed since the entry of the July 15, 2020 Memorandum Order and Petitioner has not responded. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE. The Court will DENY a certificate of appealability.

An appropriate order will accompany this Memorandum Opinion.

Let the Clerk file a copy of the Memorandum Opinion electronically and send a copy to Petitioner.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: September 4, 2020